FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 JUL 15 PM 3:50
CLERK'S OFFICE
AT BALTIMORE
BY ______ DEPUTY

CJF7.10.19
USAO# 2018R00808/LNE/MCH:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JEBRIEL ALI,
a/k/a "Bril,"

JAMAL RINGGOLD,
a/k/a "Mal,"

Defendants.

CRIMINAL NO. ELH-19-0280

(Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, 21 U.S.C. § 846; Possession with the Intent to Distribute Narcotics, 21 U.S.C. § 841(a)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924 (c); Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c))

*******

## SUPERSEDING INDICTMENT

### COUNT ONE

**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges that:

Beginning on a date unknown to the Grand Jury, but no later than in or about January 2019, and continuing until on or about the date of this Superseding Indictment, in the District of Maryland and elsewhere, the defendants,

JEBRIEL ALI,
a/k/a "Bril,"



JAMAL RINGGOLD,
a/k/a "Mal,"

and others known and unknown, did knowingly and willfully combine, conspire, confederate and agree to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

**Quantity of Controlled Substances Involved in the Conspiracy**

2. With respect to JEBRIEL ALI a/k/a "Bril," the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one kilogram or more of a mixture or substance containing a detectable amount of heroin, all in violation of 21 U.S.C. § 841(b)(1)(A).

3. With respect to [REDACTED] and JAMAL RINGGOLD a/k/a "Mal," the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 100 grams or more of a mixture or substance containing a detectable amount of heroin, all in violation of 21 U.S.C. § 841(b)(1)(B).

21 U.S.C. § 846

**COUNT TWO**
**(Possession With the Intent to Distribute Narcotics)**

The Grand Jury for the District of Maryland further charges that:

On or about March 27, 2019, in the District of Maryland, the defendant,

**JEBRIEL ALI,**
**a/k/a "Bril,"**

did knowingly, intentionally and unlawfully possess with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance; and 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

**COUNT THREE**
**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

On or about March 27, 2019, in the District of Maryland, the defendant,

**JEBRIEL ALI,**
**a/k/a "Bril,"**

did knowingly possess firearms, to wit: (1) a Zastava arms Model Pap M92PV, 7.62x39 MM semi-automatic pistol, serial #M92PV051800; (2) a Glock Model 19 GEN 4, 9MM Luger, semi-automatic pistol, serial # TCE360; (3) a Sig Sauer Model P320, 9MM Luger, semi-automatic pistol, serial # 58B009451; and (4) a SWD, Model M-11, 9MM Luger, semi-automatic pistol, serial #890042546, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, as alleged in Count One of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

**COUNT FOUR**
**(Possession of Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about March 27, 2019, in the District of Maryland, the defendant,

**JEBRIEL ALI,**
**a/k/a "Bril,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition, to wit: (1) a Zastava arms Model Pap M92PV, 7.62x39 MM semi-automatic pistol, serial #M92PV051800 loaded with 30 rounds of ammunition; (2) a Glock Model 19 GEN 4, 9MM Luger, semi-automatic pistol, serial # TCE360, M92PV051800 loaded with 25 rounds of ammunition; (3) a Sig Sauer Model P320, 9MM Luger, semi-automatic pistol, serial # 58B009451, M92PV051800 loaded with 5 rounds of ammunition; and (4) a SWD, Model M-11, 9MM Luger, semi-automatic pistol, serial #890042546, M92PV051800 loaded with 22 rounds of ammunition, and did so knowingly.

18 U.S.C. § 922(g)

**COUNT FIVE**
**(Possession of Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about May 21, 2019, in the District of Maryland, the defendant,

**JEBRIEL ALI,**
**a/k/a "Bril,"**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm and ammunition, to wit: (1) a Glock Model 22C, .40 caliber, fully-automatic pistol, serial number ABKH577, loaded with 29 rounds of ammunition and did so knowingly.

18 U.S.C. § 922(g)

**FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendants' convictions under Counts One through Five of this Superseding Indictment.

**Narcotics Forfeiture**

2. As a result of the offenses set forth in Counts One and Two incorporated here, the defendants shall forfeit:

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

3. The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

**Firearms Forfeiture**

4. As a result of the offenses set forth in Counts Three, Four, and Five, incorporated here, the defendants shall forfeit to the United States the firearms identified in those counts and involved in those offenses.

**Substitute Assets**

5. Pursuant to Title 21, United States Code, Section 853(p), if any of the property described above as being subject to forfeiture, as a result of any act or omission by the Defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendants up to the value of the property charged with forfeiture in the paragraphs above.

21 U.S.C. § 853
18 U.S.C. § 982(a)(1)
28 U.S.C. § 2461(c)

__________________________
Robert K. Hur
United States Attorney

A TRUE BILL:

________________ __________________________
Foreperson Date