**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **CRIMINAL NO. ELH-19-0280** |
| **JEBRIEL ALI** | * | |

## MEMORANDUM AND ORDER

Currently pending are Defendant's Motion for Review of Detention Order and/or Request for Temporary Release Due to Health and Safety Concerns (ECF No. 183) ("Motion"), Government's Letter in Opposition to Motion for Review of Detention Order (ECF No. 195-sealed version; ECF No. 207-unsealed version)("Opposition"), and, in accordance with the court's Order for Supplemental Briefing (ECF No. 184), two letters from counsel for defendant Daniel Jones (ECF Nos. 187 and 197- sealed versions; and ECF Nos. 208 and 209-unsealed versions).   In addition, at the defendant's request, the court ordered the production of the defendant's medical records from Chesapeake Detention Facility ("CDF") where the defendant is detained (ECF No. 188) , and those medical records (ECF No. 191) (under seal) have been reviewed by the court.   Finally, in accordance with the court's order regarding supplemental briefing (ECF No. 204), the government filed a Supplemental Memorandum in Opposition to Defendant's Motion to Re-Open Detention Proceeding (ECF No. 210)("Supplemental Memorandum") addressing the conditions at Chesapeake Detention Facility.   For the reasons stated below, the Motion (ECF No. 183) is denied.

A detention  hearing was held in this case on May 28, 2019.  After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing.  I issued an Order of Detention summarizing those reasons (ECF No. 9).  Pursuant to 18 U.S.C. § 3142(f),

a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  Defendant argues that the COVID-19 Virus Pandemic constitutes changed circumstances warranting the defendant's release, particularly in light of the fact that he suffers from chronic asthma and that the threat of exposure to the virus has caused him significant stress and anxiety. (ECF No. 183 at 1).  Defendant asserts that it is "hard to believe that [CDF is] adequately able to properly deal with an institutional outbreak should it occur." (Id. at 2-3).   Because concerns relating to the COVID-19 pandemic were not present at the time of the defendant's original detention hearing, the court agrees that § 3142(f) allows a reopening of the detention decision.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic" and acknowledges that it can constitute new information warranting a reconsideration of a detention order.  United States v. Martin, Crim. No. PWG-19-140-13, ECF No. 209 at  4 (D. Md. Mar. 17, 2020).   Notwithstanding these circumstances, however, the decision whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). Id. at 5.  In that regard, I have reviewed the bases for my detention order, and I have reweighed the factors under the Bail Reform Act in light of the current public health emergency, the current COVID-19 situation at the facility where the defendant is being held,  the defendant's existing medical conditions, and the defendant's proposed conditions of release. The record in this case regarding the offenses charged and the defendant's background compel me to conclude that conditions of release cannot be fashioned to address community safety,  notwithstanding the potential risk of exposure to the virus that the

defendant faces while detained.  The court fully analyzed  the § 3142(g) factors at defendant's detention hearing.  As noted in the court's detention order, and detailed on the record at the hearing both by the government and the court, an analysis of these factors overwhelmingly supported a finding that detention was appropriate.

As noted at the time of the detention hearing, the defendant was charged with a violation of 18 U.S.C § 922(g), Felon in Possession of a Firearm.  Since the detention hearing, the defendant has been indicted for multiple narcotics and firearms violations. (ECF No. 124).  The evidence supporting these charges is overwhelming.  There were wiretaps on multiple phones, including those used by the defendant, which revealed that the defendant was selling a significant quantity of heroin and fentanyl and that he was managing others in that activity.  (ECF No. 207 at 1-2).  Notably, a search warrant executed on a vehicle being used by the defendant produced a large amount of a heroin/fentanyl mixture, drug paraphernalia, and loaded firearms. (Id.) The facts that supported the original charge of Felon in Possession of a handgun were compelling as well—after a chase of the defendant in his vehicle, the defendant fled on foot, and a search of the vehicle revealed a Glock handgun loaded with 21 rounds of ammunition. (Id.) The history and characteristics of the defendant also supported the detention order.  At the time of these offenses, the defendant was on probation for a narcotics offense, and the defendant has an outstanding warrant for a violation of that probation.

The defendant's criminal record includes several convictions for narcotics offenses, unauthorized removal of property, and concealing contraband while in jail.  The defendant has a history of non-compliance with community supervision to include the pending violation of probation as well as a prior revocation of parole.  In addition, at the time of the detention hearing, the court noted that the defendant fled from the police and that had multiple aliases and

false identifications on the record, as well as a history of failures to appear. Based upon all of the above, the court concluded by clear and convincing evidence, pursuant to § 3142, that there were no conditions of release which would reasonably assure the community's safety. (ECF No. 155).

In his Motion, defendant argues that he should be released because: 1) his living conditions at CDF do not allow for social distancing and that CDF will be unable to contain an outbreak of the virus; 2) he is at a greater risk of an adverse outcome should he contract the virus because he has asthma[1]; 3) he has proposed release conditions to address concerns regarding danger to the community. (ECF No. 183). As this court has previously noted, the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities during this global pandemic. While the court is concerned for the defendant, and for all others both inside and outside of the detention facility, these concerns do not constitute a basis upon which to release an individual who this court has determined poses a threat to the safety of the community. In its Supplemental Response, the government has exhaustively addressed the policies and procedures in place at CDF to protect inmates and staff from the COVID-19 virus and to avoid an outbreak of the virus. (ECF No. 210 at 2-9). The information provided by the government establishes that CDF has instituted comprehensive precautionary measures at CDF to avoid a COVID-19 outbreak. Of note, as the government details in its Supplemental Response, as of May 5, 2020, there were 3 reported cases of CDF Staff testing positive for the virus, and one inmate who did not contract the illness at the facility, but tested positive upon

---

[1] The defendant also noted that he suffered from bronchitis, (ECF No. 208 at 1), but that condition does not appear in the defendant's medical records, nor has the defendant offered any other support for that assertion. I note, however, that even if the record supported defendant's assertion that he suffered from bronchitis, it would not change the court's conclusions regarding detention.

intake. (Id. at 2, n. 1).  The defendant, by contrast, has not made any specific allegations regarding the conditions at CDF or that any particular practices at CDF are insufficient to address the needs of detainees. On this record, the court cannot conclude that the conditions at CDF or its protocols are so inadequate as to warrant defendant's release.

Nor has defendant made any specific argument, let alone factual proffer, as to why his medical condition is not being adequately addressed.  Indeed, the medical records in this case clearly establish that CDF has been attentive to the defendant's needs and do not reflect any current, acute needs of the defendant.  As a result, it appears that the defendant's medical needs are being adequately addressed at CDF and do not support a reconsideration of the defendant's detention order.  The court concludes that defendant's motion for release should be denied notwithstanding his claim that his asthma makes him uniquely vulnerable to COVID-19.  The court has also considered the defendant's proposed conditions of release (ECF No. 187 at 2), and notes that those proposed conditions of release are the very same conditions proposed at defendant's original hearing, albeit with a different third party custodian.  The court concludes now, as it did then, that those conditions of release are inadequate to address community safety concerns.  As the court found at the detention hearing in this case, there are no conditions or combination of conditions which will reasonably assure the community's safety.  (ECF No. 9).

In conclusion, the defendant has not presented any new information that would cause me to reconsider my Order of Detention in accordance with 18 U.S.C. § 3142(f).[2]  Based upon the foregoing, the court concludes that the circumstances proffered by the defendant do not

---

[2] Although the heading of defendant's Motion notes that it contains an alternative request for the defendant's temporary release pursuant to 18 U.S.C. §3142(i), he offers absolutely no argument, and cites to no facts or law, in support of that request.  Notwithstanding this lack of support for

constitute a basis upon which to release an individual who the court has determined poses a

threat to the safety of the community. Accordingly, Defendant's Motion (ECF No. 183)

is denied.


Date:_5/8/20_____               _____/s/_____
                                Beth P. Gesner
                                Chief United States Magistrate Judge


his request, the court has considered release under that section in accordance with applicable law, and has determined that the defendant has not satisfied the "compelling reason" standard warranting his temporary release pursuant to §3142(i). The court notes that it has broadly employed the analysis suggested by the Fourth Circuit in United States v. Creek, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under to §3142(i), although the Creek order did not explicitly apply this analysis to other provisions of the Bail Reform Act.