IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-19-0280 |
| JEBRIEL ALI, | |
| *Defendant*. | |

### MEMORANDUM

Defendant Jebriel Ali,[1] who is pro se, has filed a "Motion To Reduce Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2)." ECF 424 (the "Motion"). Defendant seeks a reduction of his ten-year sentence, pursuant to Amendment 821 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The Office of the Federal Public Defender has filed a notice stating that it does not intend to supplement defendant's Motion. ECF 425. The government opposes the Motion. ECF 429. Defendant did not reply.

No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

### I.   Factual and Procedural Background

On June 5, 2019, a federal grand jury returned a four-count indictment charging Ali with multiple offenses. ECF 10. In particular, defendant was charged with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. 846 (Count One); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of and ammunition by a prohibited person, in violation of 18 U.S.C. § 924(c) (Count Two); and

---

[1] In the Motion, defendant spells his name as J**a**briel (ECF 424 at 1), and J**e**briel (ECF 424 at 3. I shall use the spelling that appears in the Indictment. *See* ECF 10.

Possession of Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Four). ECF 10. A Superseding Indictment was filed on July 10, 2019. ECF 21. It added four defendants as well as an additional charge against defendant for the offense of possession with intent to distribute fentanyl and heroin, in violation of 21 U.S.C. § 841(a)(1). A Second Superseding Indictment was filed on December 11, 2019, adding a sixth defendant. ECF 124.

On December 1, 2021, pursuant to a Plea Agreement (ECF 369), Ali pleaded guilty to Count One of the Second Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. ECF 367. The plea was tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). ECF 369, ¶¶ 9, 10. In particular, the parties agreed to a sentence of 120 months of imprisonment (10 years). *Id.* That corresponded to the statutory minimum. *Id.* ¶ 3.

The Plea Agreement (ECF 369) contained a Stipulation of Facts. *Id.* at 19-20.[2] According to the Stipulation, in 2019 the defendant was a member of a conspiracy (the "ALI DTO") that engaged in the distribution of heroin, fentanyl, and cocaine in Baltimore City and elsewhere. *Id.* at 19. In particular, the ALI DTO operated at the intersection of Frederick Avenue and Collins Avenue in Baltimore, in an area known as the Irvington Community. *Id.*

In or around August 2019, the Federal Bureau of Investigation and the Baltimore Police Department began investigating the ALI DTO. Members of the conspiracy were involved in the "distribution of at least one kilogram of heroin (a Schedule I controlled substance)," and "at least 400 grams of fentanyl (a Schedule II controlled substance)" as well as a "detectable amount of cocaine (a Schedule II controlled substance)." *Id.*

---

[2] The Court cites to the electronic pagination.

Investigators conducted a wiretap investigation. *Id.* at 20. During the investigation, Ali engaged in numerous phone calls and electronic communications with members of the conspiracy to discuss drug transactions. *Id.* Defendant gave instructions during the phone calls and text messages "to other people on obtaining drugs, keeping drugs, and selling drugs, and received updates from other members of the conspiracy about drug-trafficking activities within the conspiracy." *Id.* at 19.

On March 27, 2019, investigators conducted surveillance of defendant "storing and accessing items in an Acura vehicle, and placing a yellow bag in the Acura." *Id.* at 20. Investigators obtained a search warrant for the vehicle and recovered "more than 400 grams of a heroin/fentanyl mixture in a yellow bag, scales, narcotic paraphernalia, 2 ballistic vests, ammunition and four loaded firearms . . . ." *Id.*

A vehicle stop was conducted by law enforcement on May 21, 2019. *Id.* Defendant attempted to escape in his vehicle but then decided to abandon the vehicle and fled. *Id.* He was apprehended shortly thereafter. *Id.* Pursuant to a search warrant, the vehicle was searched and investigators recovered "a firearm, specifically a modified Glock Model 22, .40 caliber, serial number ABKH577, loaded with 29 rounds of ammunition." *Id.*

The Presentence Report (ECF 383, "PSR") reflected a base offense level of 30 for the offense of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. *Id.* ¶ 19. Because a dangerous weapon was possessed, two levels were added under U.S.S.G. § 2D1.1(b)(1). *Id.* ¶ 20. After deductions for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant had a final offense level of 29. *Id.* ¶ 28.

At age 18, defendant was convicted of possession of controlled dangerous substances and sentenced to 60 days of imprisonment. *Id.* ¶ 34. Between 2009 and 2017, Ali was convicted of

numerous offenses: unauthorized removal of property, multiple offenses of driving a motor vehicle without a license, and possession of controlled dangerous substances. *Id.* ¶¶ 34-42.

For the 2009 offense of unauthorized removal, defendant pleaded guilty in 2011 and received a sentence of four years of imprisonment. *Id.* ¶ 35. Defendant received a one year sentence on the same date for an offense in 2010 of possession of contraband. *Id.* ¶ 36. For the remainder of the offenses, defendant received short periods of incarceration.

Defendant's prior convictions resulted in a subtotal of eleven criminal history points. *Id.* ¶ 43. Two points were added under U.S.S.G. § 4A1.1(d), because defendant committed the underlying offense while under a criminal justice sentence for controlled dangerous substance: Possession-Not Marijuana. *Id.* ¶ 44. Therefore, he had a total of thirteen points, which resulted in a criminal history category of VI. *Id.* ¶ 45.

However, if defendant were sentenced today, he would receive only one status point under U.S.S.G. § 4A1.1(e). This would result in a score of twelve criminal history points. And, that equates to a criminal history category of V.

With an offense level of 29 and a criminal history category of VI, the Guidelines called for a sentence of 151 to 188 months of incarceration. With a criminal history category of V, the Guidelines range is 140 to 175 months of imprisonment. However, as noted, Congress has established a mandatory minimum term of ten years for the underlying offense. And, that was the sentence that the Court imposed on February 24, 2022, with credit dating from May 22, 2019. ECF 388; ECF 390 (Judgment).

## II.   Discussion

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed."

18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has at least seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). But, even if a defendant has seven or more criminal history points, he is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;

6

      **(5)** the instant offense of conviction is not a sex offense;
      **(6)** the defendant did not personally cause substantial financial hardship;
      **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
      **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
      **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
      **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

**B.**

The PSR (ECF 383) indicates that Ali received two status points under U.S.S.G. § 4A1.1(c). *Id.* ¶ 44. This is because defendant "committed a portion of the instant offense while under a criminal justice sentence for Controlled Dangerous Substance: Possession-Not Marijuana in Howard County Circuit Court Case#13K17058222 . . . ." *Id.* This increased defendant's criminal history score from eleven points to thirteen. *Id.* ¶¶ 43, 44, 45. And, thirteen points yields a criminal history category of VI. *Id.* ¶ 45.

It is clear that, if sentenced today, defendant would only receive one status point, pursuant to U.S.S.G. § 4A1.1(e). If so, he would have twelve criminal history points, rather than thirteen. And, twelve points would result in a criminal history category of V, not VI.

The government acknowledges, ECF 429 at 2: "Because the [defendant's] final criminal history score was 13 points, it does appear that the two 'status points' may have represented the difference between the Defendant being criminal history category VI and criminal history category V." Ali's total offense level of 29, coupled with a criminal history category of VI, resulted in an advisory Guidelines range of 151 to 188 months of imprisonment. But, with an offense level of 29, and a criminal history category of V, defendant's sentencing range would have been 140 to 175 months. *Id.*

Nevertheless, the Court did not sentence defendant based on the Guidelines. The plea was entered under Rule 11(c)(1)(C) for a below Guidelines sentence of 120 months. ECF 369, ¶¶ 9, 10. The parties' joint recommendation corresponded to the mandatory minimum sentence of ten years, set by Congress. *Id.* ¶ 3. And, the Court abided by the parties' sentencing recommendation. Therefore, Amendment 821 has no bearing on defendant's sentence.

As the government aptly puts it, "Because the Defendant received the lowest possible sentence permissible by law, there is no basis for the Court to further reduce his sentence." ECF 429 at 3.

### III.   Conclusion

In sum, Amendment 821 does not assist Ali. Therefore, I shall deny defendant's Motion. ECF 424.

An Order follows.


Date:   February 12, 2026                         /s/
                                                  Ellen L. Hollander
                                                  United States District Judge